IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. GOODSON, III & <br> DESTINY D. GOODSON, a minor child, <br><br> Plaintiffs, <br><br> vs. <br><br> LAURA HUTCHINSON, THE CHILDREN'S INSTITUTE & PROJECT STAR, <br><br> Defendants. | Civil Action No. 10-1334 <br><br> Judge Gary L. Lancaster <br> Magistrate Judge Lisa Pupo Lenihan |

## REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the Complaint filed at Civil Action No. 10-1334 be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) (2) (B) (i) and (ii).

II. Report

On October 12, 2010, Plaintiff Daniel J. Goodson, III filed a Motion for Leave to Proceed in Forma Pauperis which was granted by the Court on October 13, 2010. Plaintiff filed his Complaint on October 13, 2010 alleging that Defendants, in generating their Child and Family Assessment report of February 2008 concerning his natural daughter Destiny Goodson, caused Plaintiffs severe emotional distress and related physical trauma. The Assessment report describes the progress Destiny has made with her foster family. Plaintiffs further allege that Defendants were involved in an adoption scheme where Washington County Children and Youth Services and other agencies would pay these defendants to provide frivolous and inaccurate reports and require them to testify falsely to cause harm between children and their natural

parents when seeking to terminate parental rights. No additional specific or supporting facts are averred. Plaintiffs seek declaratory, injunctive and monetary relief in the form of compensatory and punitive damages.

28 U.S.C. § 1915(e) (2) (B) (i) and (ii) concerning proceedings in forma pauperis provide that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious;" or "fails to state a claim on which relief may be granted[.]" The Court must dismiss the action for the following reasons:

1. Plaintiff Daniel J. Goodson, III has no standing to bring this action as his parental rights to Destiny Goodson have been terminated. The state court proceedings involving the termination of Plaintiff's parental rights to his natural daughter concluded with the Pennsylvania Supreme Court's denial of Plaintiff's Petition for Allowance of Appeal on June 9, 2010. The Court takes judicial notice of the docket sheet for the Pennsylvania Supreme Court at Case No. 188 WAL 2010. The Court also takes judicial notice of the docket sheet for the Supreme Court of the United States at case No. 10-6979. The docket sheet indicates that Plaintiff Daniel J. Goodson, III's Petition for Writ of Certiorari was denied on November 29, 2010.

2. Plaintiff, proceeding pro se, may not bring this action on behalf of a minor child. The law in the Third Circuit is clear that a non-licensed person may not appear as an attorney on behalf of others, especially a minor:

> The choice to appear pro se is not a true choice for minors who under state law, *see* Fed. R. Civ. P. 17(b), cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.

> It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882-83 (3d Cir. 1991) (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).

3. Finally, pursuant to the legal standard on a motion to dismiss for failure to state a claim as established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007), and its progeny, a court must dismiss a complaint if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 556. As noted by the United States Court of Appeals for the Third Circuit in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), all civil complaints must set out sufficient factual detail to show that the claim is facially plausible. *Fowler*, 578 F.3d at 210. The *Fowler* Court continued as follows:

> As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11. The Complaint here fails to meet this standard and any amendment would be futile.[1]

---

[1] The Court of Appeals in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir.2008). The Court in this matter is recommending dismissal with prejudice and is not recommending a grant of leave to amend because it believes such amendment would be both futile and inequitable.

III. Conclusion

For the foregoing reasons, it is respectfully recommended that the Complaint filed at Civil Action No. 10-1334 be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) (2) (B) (i) and (ii).

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: January 10, 2011　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　s/ Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　　　　LISA PUPO LENIHAN
　　　　　　　　　　　　　　　　　　　　　United States Chief Magistrate Judge

cc:　　Daniel J. Goodson, III
　　　　GW1171
　　　　SCI Mahanoy
　　　　301 Morea Road
　　　　Frackville, PA 17932